UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES H. ROANE,
Plaintiff-Appellant,

v.

No. 99-1023

WASHINGTON COUNTY HOSPITAL;
A. F. ABDULLAH,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-98-3191-CCB)

Submitted: July 20, 1999

Decided: September 10, 1999

Before WILLIAMS and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Sharon N. Horner, Richmond, Virginia; Mark A. Cronin, CRONIN &
SCARDINO, Fort Washington, Pennsylvania, for Appellant. Michael
I. Joseph, GODARD, WEST & ADELMAN, Rockville, Maryland;
Frederick W. Goundry, III, VARNER, KASLICK & GOUNDRY,
Frederick, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles H. Roane appeals from the district court's order transfer-ring his medical malpractice action to the state court pursuant to the language in his waiver of arbitration limiting that waiver to the state court. On appeal, he contends that the language in the waiver of arbi-tration does not limit his right to sue the Defendants in federal court. We find that the plain language of the Maryland statute does not allow such a forum selection clause, and, therefore, vacate the district court's order and remand the case to the district court for further pro-ceedings.

In April 1996, Roane filed a complaint in the United States District Court for the District of Maryland, in which he alleged that Washing-ton County Hospital and Dr. A. F. Abdullah committed medical mal-practice and caused serious injury to Roane's right arm during carpal tunnel surgery. After the Defendants moved to dismiss the complaint based on Roane's failure to submit his claim for arbitration pursuant to the Maryland Health Care Malpractice Claims Statute, Md. Cts. & Jud. Proc. Code Ann. §§ 3-2A-01 to 3-2A-09 (Michie 1998), Roane voluntarily dismissed the complaint.

Roane then filed a claim with the Maryland Health Claims Arbitra-tion Office. Subsequently, the parties filed an "election to waive arbi-tration." The election states: "Pursuant to Md. Cts. & Jud. Proc. Code Ann. § 3-2A-06A, all the parties hereto, through their attorneys, mutually agree to waive arbitration of this matter to the Circuit Court for Washington County, Maryland."

Roane refiled his malpractice complaint in the district court, based upon diversity jurisdiction. The Defendants moved to dismiss the complaint or, in the alternative, to transfer the case to the state court. The Defendants asserted that the "election to waive arbitration" states

2

that arbitration is waived so that claims could be filed in the Circuit Court for Washington County; it is not valid for filing claims in federal court. Following a conference call to discuss the issue, the district court granted the Defendants' motions and transferred the case to the Circuit Court for Washington County. Roane appeals.

The Maryland Health Care Malpractice Claims Statute requires that all malpractice claims alleging damages in excess of $20,000 be subject to arbitration and be initially filed with the Health Claims Arbitration Office. See id. §§ 3-2A-02(a), 3-2A-04(a). Arbitration is a condition precedent to filing a malpractice action. See Davison v. Sinai Hosp. of Baltimore, Inc., 462 F. Supp. 778 (D. Md. 1978), aff'd, 617 F.2d 361 (4th Cir. 1980); see also Woods v. Holy Cross Hosp., 591 F.2d 1164, 1169 n.7 (5th Cir. 1979).

The Arbitration Statute provides that the parties may agree to waive arbitration. See Md. Cts. & Jud. Proc. Code Ann. § 3-2A-06A. Here, the parties "mutually agree[d] to waive arbitration of this matter to the Circuit Court for Washington County, Maryland." The Defendants argue, and the district court found, that by limiting the waiver to the Circuit Court for Washington County, Maryland, the parties waived their right to file the complaint in the United States District Court, and instead selected the forum for litigation of the malpractice action.

However, § 3-2A-06A(a) of the Maryland Health Care Malpractice Claims Statute provides in part that "the parties may agree mutually to waive arbitration of the claim, and the provisions of this subsection then shall govern all further proceedings on the claim." Section 3-2A-06A(c)(1) then provides that "[w]ithin 60 days after filing the election to waive arbitration, the plaintiff shall file a complaint and a copy of the election to waive arbitration with the circuit court or United States District Court." Because § 3-2A-06A(a) does not allow parties to opt out of the provisions of § 3-2A-06A, and because subsection (c) provides that following waiver of arbitration, the complaint may be filed in the state court or the federal court, we find that forum selection provision of the waiver was ineffective to limit Roane's malpractice action to state court. Accordingly we vacate the district court's order and remand this case to the district court to conduct further proceedings. We dispense with oral argument because the facts and legal con-

3

tentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4